Amber L. Hunter
27610 N. Rosa Lane #104
Santa Clarita, CA 91387

Plaintiff in pro se

FILED
CLERK, U.S. DISTRICT COURT
JUN 10 2016
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER L. HUNTER, <br><br> Plaintiff, <br><br> vs. <br><br> SAUGUS COLONY, LTD., A CALIFORNIA LTD. PARTNERSHIP, THE COLONY, AND DOES 1 THROUGH 10 <br><br> Defendant. | Case No. CV16-04164-CAS(SKx) <br><br> **COMPLAINT FOR DAMAGES** <br><br> (DEMAND FOR JURY TRIAL) |

Plaintiff, Amber Hunter, as and for his complaint against Defendants **SAUGUS COLONY, LTD., A CALIFORNIA LTD. PARTNERSHIP,** and **THE COLONY** alleges as follows:

## INTRODUCTION

1

1. This is an action for damages brought by an individual consumer for Defendants violating the Fair Debt Collection Practices Act, 15 USC, Sec. 1692, and the Rosenthal Fair Debt Collection Practice Act, Cal. Civ. Code, Sec. 1788, which prohibits debt collectors and creditors from engaging in abusive, deceptive and unfair practices. Plaintiff also alleges violations of the California Business and Professions Code, Sec. 17200.

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles, California.

3. Upon information and belief, the Defendant **SAUGUS COLONY, LTD., A CALIFORNIA LTD. PARTNERSHIP**, is a "corporation" and is a "creditor" as defined pursuant to Cal. Civ. Code Sec. 1788.2.

4. Upon information and belief, the Defendant **THE COLONY**, is a "debt collector" as defined pursuant to 15 U.S.C Sec.1692a(6).

## JURISDICTION

5. This Court has jurisdiction pursuant to 15 U.S.C. Sec. 1692k (FDCPA) and 28 U.S.C. Sec. 1331. Venue is proper in this district pursuant to 28 U.S.C. sec. 1391 (c), as the Defendant corporations reside and regularly conduct business in this district.

## FIRST CAUSE OF ACTION

6. Plaintiff re-alleges paragraphs 1 through 5 below herein

7. A personal debt was allegedly incurred by Plaintiff to **SAUGUS COLONY, LTD., A CALIFORNIA LTD. PARTNERSHIP**.

8. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to **THE COLONY**.

*Count One*

9. Plaintiff re-alleges paragraphs 1 through 8 below herein

10. That Defendant **THE COLONY,** posted a written notice on Plaintiff's door in an attempt to collect the aforementioned debt.

11. Said notice was intentionally deceptive which read:

*"Within three days after service on you of this Notice, you are required to pay said rent in full or quit and deliver the possession of the said premises to the undersigned. You are further notified that the Landlord has elected to, and hereby does, declare a rental agreement or lease under which you hold the premises to be forfeited in the event that you fail to pay the rent in full as required herein.*

*"If you fail to perform or otherwise comply, Owner/Agent declares the forfeiture of your Rental Agreement/Lease and will institute legal proceedings to obtain possession. Such proceedings could result in a judgment against you, which may include attorneys' fees and court costs as allowed by law, and an additional punitive award of six hundred dollars ($600) in accordance with California law. If you fail to fulfill the terms of your credit obligations, a negative credit report may be submitted to a credit reporting agency."*

12. Defendant's use of false, deceptive, misleading and overshadowing language, is confusing the Plaintiff as to her rights. It contains false statements and threats of action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

*Count Two*

13. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs 1 through 12 as if reasserted and re-alleged herein.

14. That upon information and belief, That Defendant **THE COLONY,** has attempted to collect on amounts that are not authorized by agreement or permitted by law.

15. That That Defendant **THE COLONY**, in an attempt to collect a debt, engages in a pattern of practice of communicating with consumers where the representations made by the Defendant are confusing, misleading, deceptive and/or unfair.

16. That as a result of Defendant's conduct, Plaintiff has suffered damages which include, but are not limited to, statutory damages, any actual damages sustained, other resulting monetary losses and damages, unnecessary stress, aggravation and anxiety.

17. That Defendant's conduct violates 15 U.S.C 1692, including but not limited to subsections (e), (f), and (g) in that the representations made by the Defendants are confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of her legal rights as required by law.

   a. Defendant has violated 1692e by using false representations and employing deceptive and misleading means in an attempt to collect a debt;

   b. Defendant has violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   c. Defendant has violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt and by contradicting Plaintiff's rights.

18. That as per 15 USC Sec., 1692, and as result of the above violations, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less than $1,000.00 per violation, plus cost and attorney's fees.

## SECOND CAUSE OF ACTION

19. Plaintiff re-alleges paragraphs 1 through 18 as if fully restated herein.

20. The Rosenthal Fair Debt Collection Practice Act (Rosenthal Act), California Civil Code, Section 1788, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

21. That upon information and belief, Defendants have attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law.

22. By its acts and practices as herein above described, the Defendants have violated the Rosenthal Act as follows, without limitation:

a. By making the false representation that the consumer debt may be increased by the addition of attorney's fees, and punitive damages, in fact, such fees or charges may not legally be added to the existing obligation, Defendants have violated section 1788.13(c);

b. By making a false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made. Defendants have violated Section 1788.13(j);

c. By failing to include certain debt collection notices and disclosures required by law; and

d. By the above-referenced violations of the FDCPA, Defendants have violated section 1788.17

23. According to section 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

24. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

25. According to section 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, cost and expenses incurred in the bringing of this action.

### THIRD CAUSE OF ACTION

26. Plaintiff re-alleges paragraphs 1 through 25 as if fully restated herein

27. The California Business and Professions Code, section 17200, prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

28. That Defendants, by engaging the acts hereinabove described, has committed violations under FDCPA, that said acts are therefore per se violations of the California Business and Professions Code Section 17200.

29. That the harm caused by the Defendant's conduct outweighs any benefits that Defendants conduct may have.

30. That consumers are likely to be deceived, and that Plaintiff was in fact deceived, by Defendant's conduct.

31. That Defendants have been unjustly enriched by committing said acts.

32. That as a result of the Defendant's conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

33. That as a direct proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered injury in fact and lost money and/or property.

34. Pursuant to California Business and Professions Code section 17200, Plaintiff is entitled to recover her actual damages and restitution.

<’s 

...

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants in the amount of:

(a)    Statutory damages and actual damages pursuant to 15 USC sec. 1692k in an amount to be determined at the time of trial on the first cause of action.

(b)    Statutory damages and actual damages pursuant to Civil Code section 1788.30 as to the second cause of action.

(c)    Damages and restitution pursuant to the California Business and Professions Code section 17200 as to the third cause of action.

(d)    Cost and reasonable attorney's fees pursuant to 15 USC section 1692k and Civil Code section 1788.30

(e)    For such other and further relief as may be just and proper.

(f)    Plaintiff requests trial by jury on all issues so triable.

Dated: 6/10/16 2016

Respectfully Submitted

Amber Hunter
Plaintiff

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

Amber Hunter

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

SAUGUS COLONY, LTD., A CALIFORNIA LTD. PARTNERSHIP, THE COLONY, AND DOES 1 THROUGH 10

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ TO BE DETERMINED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC Sec. 1692, (SEE ATTACHED COMPLAINT)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV16-04164**

CV-71 (02/16)      CIVIL COVER SHEET      Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? <br> ☐ Yes ☒ No <br> If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? <br> ☐ Yes ☒ No <br> If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? <br><br> *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) <br><br> *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? <br> ☐ Yes ☒ No <br> If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? <br><br> *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) <br><br> *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? <br> ☐ Yes ☒ No <br> If "yes," your case will initially be assigned to the <br> **SOUTHERN DIVISION.** <br> Enter "Southern" in response to Question E, below, and continue from there. <br> If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B? <br> ☐ Yes ☒ No <br> If "yes," your case will initially be assigned to the <br> **EASTERN DIVISION.** <br> Enter "Eastern" in response to Question E, below. <br> If "no," your case will be assigned to the WESTERN DIVISION. <br> Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

CV-71 (02/16)           CIVIL COVER SHEET           Page 2 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**? ☒ NO ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** /s/ [signature] DATE: May 18, 2016

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |